UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROL D BENNETT,             ) | |
|                              ) | |
|     Plaintiff,     ) | |
|                              ) | |
|     v.             ) | Civil Action No.  08-1497 (EGS) |
|                              ) | |
|                              ) | Document Nos.   9, 21 |
| ADRIAN FENTY, *et al.*,      ) | |
|                              ) | |
|     Defendants.    ) | |
|                              ) | |

MEMORANDUM OPINION

In this action brought *pro se*, plaintiff alleges that medical staff at the District of Columbia Jail provided inadequate treatment for an ankle injury he suffered while confined there in March 2008. He sues Mayor Adrian Fenty, the District of Columbia Department of Corrections and the "medical staff" at the District's Central Detention Facility.[1]  Compl. Caption. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted [Dkt. No. 9]. As part of his opposition to the motion [Dkt. No. 21], plaintiff moves for summary judgment but he has not provided "a statement of material facts as to which [he] contends there is no genuine issue." LCvR 7(h). Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion to dismiss and deny plaintiff's motion for summary judgment.

---

[1] Defendants argue correctly that the Department of Corrections is not an entity capable of being sued in its own name. *See Caldwell v. District of Columbia*, 901 F. Supp. 7, 11 (D.D.C. 1995); *Fields v. D.C. Department of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992). Pursuant to Fed. R. Civ. P. 17(a), the Court substitutes the District of Columbia as the real party in interest.

## I.  BACKGROUND

Plaintiff alleges that on March 1, 2008, while confined at the District of Columbia Jail, he "injured his right ankle playing handball in cell block S.W.1 indoor gym." Compl. at 4. He "immediately reported" the injury to his block officer and "an injury report was immediately written by the C.O." *Id.* Plaintiff was "taken immediately to the D.C. Jail infirmary[,]" where he "was seen by a [Physician's Assistant] by the name of Angela Pearce-Young." *Id*. Plaintiff "was given a few pain pills . . . an ice pack and two canes" and sent back to his cell block. *Id*. at 5. Plaintiff alleges that when he complained the next three days about severe pain and requested medical treatment, he was told that the infirmary was notified but that he had to wait and sign up for sick call because his condition was not life threatening. *Id*. On March 6, 2008, plaintiff was transferred to federal custody despite his protests against leaving before receiving further medical treatment from D.C. Jail staff. *Id*.

Plaintiff alleges that during his transport to the Federal Correctional Center ("FCC") in Philadelphia, Pennsylvania, the United States Marshals threatened him and treated him "very aggressively" and that upon his arrival at FCC Philadelphia, he received no medical treatment and "languished in extreme pain" without his walking cane for two or three days. *Id* at 6. Plaintiff allegedly did not receive pain medication until his arrival on March 8, 2008, at his "federal designation" in Cumberland, Maryland, where he was given "pain pills, allowed the usage of [his] cane, and placed on a waiting list to see a physician's assistant. [Plaintiff] was then seen by a P.A. and was ordered x-rays for my ankle." *Id*.

3

Plaintiff filed this civil action in August 2008, claiming that the "lack of proper medical treatment" by D.C. Jail staff resulted in permanent damage to his ankle "without extensive and expensive operations."[2]  Compl. at 6-7.

## II.  DISCUSSION

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the alleged violation.  *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 563, 127  S.Ct. 1955, 1969 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Twombly*, 550 U.S. at 555 (citations omitted); accord *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of "State or Territory or [] District of Columbia" law.  42 U.S.C. § 1983.  Plaintiff invokes the Eighth Amendment.  *See* Compl. Caption.  An individual may be held personally liable under § 1983 only if it is shown that he directly participated in the wrongful acts.  *See Iqbal*, 129 S.Ct. at 1948; *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).  Liability cannot be based on a theory of *respondeat superior* or vicarious liability.  *Iqbal*, 129 S.Ct. at 1948; *Rice v.*

---

[2]  Plaintiff has not named as defendants to this action any of the individuals--presumably federal employees--allegedly responsible for his care during his transfer into federal custody.

4

*District of Columbia Public Defender Service*, 531 F. Supp.2d 202, 204 (D.D.C. 2008).

Plaintiff sues Mayor Fenty, the only person named as a defendant, in his official capacity. Pl.'s Opp'n at 6. An official-capacity lawsuit is in essence an action against the state or municipality. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim against the District of Columbia, plaintiff must allege not only that a constitutional violation occurred but that it was caused or brought about by official municipal policy, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988), or resulted from governmental "custom or usage." *Monell v. Dep't of Social Svcs.,* 436 U.S. 658, 690-91 (1978). "[I]n considering whether a plaintiff has stated a claim for municipal liability . . . the court [first] must determine whether the complaint states a claim for a predicate constitutional violation." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). Plaintiff has not sufficiently pleaded the predicate constitutional violation.

The Eighth Amendment protects prisoners from the "wanton and unnecessary infliction of pain" and conditions that are "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To establish a claim based on inadequate medical care, plaintiff must show that his injury was serious and that prison officials deliberately deprived him of adequate medical care. *Cox v. District of Columbia*, 834 F. Supp. 439, 441 (D.D.C. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (other citation and internal quotation marks omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official held liable only if he "knows of and disregards an excessive risk to inmate health or safety"). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle*,

5

429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S.153, 182-83 (1976)).  Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. . . ." *Estelle*, 429 U.S. at 104-05 (internal footnotes omitted).  A municipality may be found to have acted with deliberate indifference upon a showing that it failed to act on a known constitutional deprivation.  *See Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004) (when "faced with actual or constructive knowledge that its agents will probably violate constitutional rights, the city may not adopt a policy of inaction").

Contrary to a claim of deliberate indifference, plaintiff admits that D.C. Jail officials attended to his injury "immediately" but that Physician's Assistant Pearce-Young acted negligently in treating him.  Compl. at 4; Pl.'s Opp'n at 2.  He contends that in addition to the treatment provided, he should "have been given an x-ray to determine the extent of his injury," Pl.'s Reply [Dkt. No. 26] at 2 ¶ 3, "[b]ut the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment [that] does not represent cruel and unusual punishment" under the Eighth Amendment, *Estelle,* 429 U.S. at 107.

Plaintiff also contends that D.C. Jail officials failed to follow "proper procedure" when they allegedly failed to place "an idle in [his] medical jacket and make it available for random access in the event of sudden transfer movement prior to the injury properly healing" and failed to "defer[]" to medical staff prior to transferring him.  Pl.'s Reply at 2.  But the District's liability under § 1983 necessarily depends on a showing that the wrongful behavior was conducted

pursuant to municipal policy or custom, not, as alleged here, contrary thereto.  Thus, even if plaintiff had pleaded a constitutional violation, the claim would fail because his allegations do not establish the District's policy or practice as the "moving force" behind the unconstitutional behavior.  *Monell*, 436 U.S. at 694.

### III.  CONCLUSION

Finding no claim stated under 42 U.S.C. § 1983, and thus no basis for federal court jurisdiction, the Court grants defendants' Rule 12(b)(6) motion to dismiss.[3]  A separate Order accompanies this Memorandum Opinion.

DATE: August 27, 2009                                       SIGNED: EMMET G. SULLIVAN
                                                            UNITED STATES DISTRICT JUDGE

---

[3]  Pursuant to 28 U.S.C. § 1367(a), the Court declines to exercise supplemental jurisdiction over plaintiff's common law claims of negligence and medical malpractice, for which the Superior Court of the District of Columbia provides the "proper forum." *Estelle,* 429 U.S. at 107.